IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-0107-K |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment, filed November 18, 2013. Plaintiff's response was originally due on December 9, 2013, but by court order the due date was extended to December 23, 2013. Plaintiff has filed neither a response to the motion, nor summary judgment evidence. The court has reviewed and considered the motion, Plaintiff's verified petition, the summary judgment evidence presented by Defendant, the record in this case, and the applicable law. For the reasons that follow, Defendant's Motion for Summary Judgment is **granted in part**. Defendant's request for attorneys' fees is **denied without prejudice**.

I.  **Factual and Procedural Background**

The relevant facts presented are mostly undisputed, but where they are disputed they are presented in the light most favorable to Plaintiff. On or about September 16,

1

2006, Plaintiff David Williams ("Williams") executed a Note (the "Note") payable to Citizens Mortgage Corp. ("Citizens") in the principal amount of $102,413.00, with an annual interest rate of 7%. At the same time, Williams also executed a Deed of Trust ("Deed") giving Citizens a security interest in the property located at 242 Los Cabos Drive, Dallas, Dallas County, Texas 75232 (the "Property"). The Deed named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely as nominee for Citizens and Citizens' successors and assigns. The Deed encumbered the Property.

DefendantWells Fargo Bank, N.A. ("Wells Fargo") became the servicer of the loan on or about October 2, 2006. On June 28, 2011, MERS assigned the Deed to Wells Fargo. Wells Fargo is the servicer and holder of the original Note.

Williams' last payment on the Note was on February 25, 2011, in the amount of $1,049.24. Thereafter, Williams fell behind on his payments. He telephoned Wells Fargo to attempt to obtain a loan modification, but no loan modification was made. He also wrote to Wells Fargo several times to ask whether Wells Fargo had legal authority and contractual standing to collect his payments. Wells Fargo responded that it has a valid loan and lien on the Property.

On or about May 8, 2011, Wells Fargo sent a Notice of Default to Williams, notifying him that $3,804.78 was due on or before June 7, 2011. Williams did not

make this payment. Wells Fargo thereafter hired counsel to represent it with regard to Williams' loan. Wells Fargo's foreclosure counsel sent a demand letter to Williams on July 18, 2011 asking for a payoff amount of $99,644.36.

On August 8, 2011, Wells Fargo's foreclosure counsel sent Williams a notice of acceleration and notice of foreclosure sale, notifying him that the Property was scheduled for foreclosure on September 6, 2011. Wells Fargo appointed Shelley Ortolani ("Ortolani") as Substitute Trustee on August 25, 2011, and on September 6, 2011 Ortolani conducted a foreclosure sale of the Property. Wells Fargo was the successful bidder, buying the Property for $103,437.20. The sale was memorialized in a Substitute Trustee's Deed and recorded that same day in Dallas County, Texas. Under the terms of the Deed, Williams became a tenant at sufferance upon foreclosure.

On or about October 7, 2011, Wells Fargo began eviction proceedings, and on October 18, 2011 obtained an order from a Justice of the Peace in Dallas County entitling it to evict Williams from the Property. On February 24, 2012, pursuant to a Special Warranty Deed, Wells Fargo conveyed the Property to the Secretary of Housing and Urban Development c/o Michaelson, Connor and Boul.

Williams appealed the eviction order to the Dallas County Court on March 20, 2012. On April 5, 2012, that court entered judgment in favor of Wells Fargo. Williams then appealed to the Dallas Court of Appeals. On or about November 14, 2012, that

court dismissed the appeal due to Williams' failure to designate a new attorney or file a brief, and entered judgment for Wells Fargo. Williams then filed suit against Wells Fargo, Government National Mortgage Association ("GNMA"), MERS, and Ortolani in state district court on December 11, 2012, seeking injunctive relief to set aside the foreclosure sale, and bringing claims of wrongful foreclosure, declaratory judgment, negligent misrepresentation, and alleged violations of the Texas Debt Collection Practices Act. Wells Fargo removed the case to this court on January 9, 2013.

The claims against Ortolani were dismissed on June 18, 2013, and the claims against GNMA and MERS were dismissed on July 16, 2013, all for failure to serve and/or insufficiency of service of process. Williams has not re-filed the claims against Ortolani, GNMA, and MERS. Wells Fargo is the only remaining defendant in the case, and it now moves for summary judgment on all of Williams' claims. As the court previously states above, Williams has not responded to Wells Fargo's motion.

**II.      Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the

absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

Where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir.1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda,* 945 F.Supp. 999, 1002 (N.D.Tex.1996) (*citing Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir.1991)). However, allegations in a verified complaint may serve as competent summary judgment evidence. *Stauffer v. Gearhart,* 741 F.3d 574, 581 (5th Cir. 2014); *Hart v. Hairston,* 343 F.3d 762, 765 (5th Cir.2003). In this case, Williams

has verified his pleadings, and therefore, he may rely on the facts presented in those pleadings on summary judgment. *Id.*

### III. Defendant's Motion for Summary Judgment

Wells Fargo argues that there is no genuine issue of material fact regarding any of Williams' claims, so that it is entitled to judgment as a matter of law. The court agrees.

#### A. Injunctive Relief/Wrongful Eviction

Two Dallas County courts have already ruled against Williams and stated that Wells Fargo can evict him from the Property. Williams' appeal of those rulings was dismissed by the Dallas Court of Appeals. Williams has tried to avoid these rulings by suing Wells Fargo for wrongful eviction, contending that Wells Fargo does not have lawful title to the Property and that the issue of possession requires the resolution of a title dispute. Wells Fargo moves for summary judgment on this claim, citing the Note and the Deed and showing that under the language of the Note and the Deed, Williams became a tenant at sufferance upon the foreclosure of the Property. Wells Fargo further argues that even if this court were to find that title to the Property must be resolved before Williams can be evicted, this court would not have jurisdiction to enjoin the eviction.

Where a foreclosure under a deed of trust establishes a landlord - tenant at sufferance relationship, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Bierwith v. Federal Natl. Mort. Assn.,* 2014 WL 902541, *3 (Tex. App. – Austin 2014, no pet. h.), *citing Schlichting v. Lehman Bros. Bank FSB,* 346 S.W.3d 196, 198 (Tex. App. – Dallas 2011, pet. dism'd); *Rice v. Pinney,* 51 S.W.3d 705, 712 (Tex. App. – Dallas 2001, no pet.). Therefore, it is not necessary to resolve the issue of title to determine the right of immediate possession. *Id.; see also* Tex. R. Civ. P. 746 (merits of the title shall not be adjudicated in forcible detainer action). Williams has not set forth any proof raising a genuine issue of material fact whether he became a tenant at sufferance upon foreclosure of the Property. Because the issue of possession does not, as a matter of law, require the court to determine proper title to the Property, Williams cannot obtain injunctive relief to prevent eviction. It is undisputed that under the Deed, Wells Fargo had the right to foreclose, sell the Property, and evict Williams.

Moreover, Williams has also failed to set forth any evidence to support any of the required elements of his claim for an injunction: 1) substantial likelihood of success on the merits; 2) substantial threat of irreparable harm; 3) the threatened injury outweighs any potential damage the injunction may cause defendant; and 4) that the injunction does not disserve the public interest. *Opulent Life Church v. City of Holly Springs,* 697 F.3d

279, 288 (5th Cir. 2012); *see also Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1050 (5thCir. 1997) (injunctive relief is an extraordinary remedy requiring applicant to unequivocally show need for its issuance). Failure to establish any of the four elements requires that injunctive relief be denied. *Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003). For all of the above reasons, Wells Fargo is entitled to summary judgment on this claim. Because the court's holding on this issue is consistent with that of the state courts that previously considered the same question, the court does not reach Wells Fargo's arguments regarding jurisdiction.

### B.   Rescission of the Foreclosure Sale

In his pleadings, Williams also asks the court to set aside the foreclosure sale. In order to set aside the foreclosure sale, however, Williams must tender the amount owed on the mortgage. *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity. *Lambert v. First Nat'l Bank of Bowie,* 993 S.W.2d 833, 835 (Tex.App.-Fort Worth 1999, pet. denied). Williams has not set forth any evidence showing that he has tendered the amount due under the Note and Deed. Accordingly, there is no genuine issue of material fact regarding this claim, and it must be dismissed.

### C.   Wrongful Foreclosure

Wells Fargo also contends that Williams cannot raise a genuine issue of material fact regarding his wrongful foreclosure claim, and that therefore it is entitled to judgment as a matter of law on this cause of action. "The elements of a wrongful foreclosure claim are: 1) a defect in the foreclosure sale proceedings; 2) a grossly inadequate selling price; and 3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortcr. Corp.,* 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008, no pet.); *Charter Natl. Bank - Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App. – Houston [14th Dist.] 1989, writ denied).

Wells Fargo's summary judgment evidence shows that Williams received all legally required notices prior to the foreclosure sale, and that the Property sold for well above the appraised value set by the Dallas County Appraisal District. It further contends that there is no evidence of the third element – a causal connection between a defect in the sale proceedings and a grossly inadequate sale price. The court agrees. Williams has failed to set forth any competent summary judgment proof that raises a question of fact as to any of these elements. Thus, Wells Fargo is entitled to summary judgment on Williams' wrongful foreclosure claim.

### D.   Declaratory Judgment

Williams next seeks a declaratory judgment that MERS was without authority to

9

assign the Note, and that therefore Wells Fargo does not own the Note and has no right to enforce it. Wells Fargo's undisputed summary judgment evidence shows that 1) it is the holder of the original Note, which is endorsed in blank, and thus, Wells Fargo argues that it is entitled to enforce the Note as a matter of law; 2) it became the servicer of the Note on October 2, 2006, and therefore by virtue of the Note and applicable law, could enforce the Note and the Deed of Trust with the power of sale; and 3) because MERS assigned the Deed to Wells Fargo, it was also the mortgagee under the Texas Property Code and could enforce Williams' obligations under the Note.

Williams has not set forth any summary judgment proof disputing Wells Fargo's possession of the Note, or in support of his claim that the Note and Deed were never lawfully transferred. The summary judgment record shows that the Note was transferred to Wells Fargo, and that Wells Fargo continues to hold the Note. "To recover for a debt due and owing under a promissory note, a party must establish that it is the legal holder of an existing note, the debtor's execution of the note, and that an outstanding balance is due and owing." *Id., quoting Austin v. Countrywide Home Loans,* 261 S.W.3d 68, 72 (Tex. App. – Houston [1st Dist.] 2008, pet. denied). An instrument endorsed in blank becomes payable to the bearer and may be negotiated by transfer of possession alone. Tex. Bus. & Com. Code § 3.205(b); *Henning,* 405 S.W.2d at 958. It is further undisputed that MERS was the original beneficiary of the Deed, and that MERS later

assigned the Deed to Wells Fargo. As the original beneficiary and the nominee for the original lender and its successors and assigns, MERS is, under Texas law, a mortgagee. Tex. Prop. Code § 51.0001(4); *Kazmi v. BAC Home Loans Servicing, L.P.,* 2012 WL 629440, *6 (E.D. Tex. 2012), *aff'd,* 517 Fed. Appx. 228 (5th Cir. 2013); *Richardson v. CitiMortgage, Inc.,* 2010 WL 4818556, *5 (E.D.Tex. 2010). Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. Tex. Prop. Code § 51.0025. MERS did so by assigning the Deed to Wells Fargo. All of Williams' declaratory judgment claims fail, and they must be summarily dismissed.

### E. Negligent Misrepresentation

The elements of negligent misrepresentation are: 1) a defendant provided information in the course of his business, or in a transaction in which he had a pecuniary interest; 2) the information supplied was false; 3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; 4) the plaintiff justifiably relied on the information; and 5) the plaintiff suffered damages proximately caused by the reliance. *Tukua Investments, LLC v. Spenst,* 413 S.W.3d 786, 802 (Tex. App. – El Paso 2013, pet. filed), *citing Fed. Land Bank Assn. of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991); *Larsen v. Carlene Langford & Assocs.,* 41 S.W.3d 245, 249–50 (Tex.App.-Waco 2001, pet. denied); *see also McCamish, Martin, Brown & Loeffler*

11

*v. F.E. Appling Interests,* 991 S.W.2d 787, 791 (Tex.1999).

Wells Fargo moves for summary judgment on Williams' negligent misrepresentation claim, arguing that Williams has set forth no evidence in support of this claim. The court agrees. The summary judgment record, when viewed in the light most favorable to Williams, only contains proof of the first element of this cause of action. It otherwise holds no proof of any of the other required elements of negligent misrepresentation. Because Williams has not raised a genuine issue of material fact regarding this claim, the court will enter summary judgment for Wells Fargo.

    F.    Texas Fair Debt Collection Practices Act ("TDCA")

Williams alleges that Wells Fargo has violated the Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.001 *et seq.* ("TDCA") by threatening to take an action prohibited by law; attempting to collect interest or charges not due from him; failing to clearly disclose assignment of a debt, misrepresenting the character, extent or amount of a consumer debt, or that debt's status in a judicial or governmental proceeding; using written communications represented falsely to be authorized by a court or other governmental official or agency; and using other false representations or deceptive means to collect or obtain information regarding a consumer debt. *Id.* at §§ 392.301(a)(8), 392.303(a)(2), and 392.304(a)(4), (8), (10), and (19). Wells Fargo moves for summary judgment on this claim, asserting that Williams has produced no

evidence that raises a material issue of fact on any of his TDCA claims. The court has reviewed the summary judgment record, and indeed finds no proof that would permit Williams to survive summary judgment on these causes of action. Accordingly, the court will also enter summary judgment for Wells Fargo on these claims.

### G. Wells Fargo's Counterclaim for Attorneys' Fees

Wells Fargo states that the court should award it attorneys fees under Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001 and the terms of the Note and Deed. This argument is presented in a cursory manner, and provides no reasoning or legal authority for the recovery of attorneys fees under the cited statutes. It also does not direct the court to the language of the Note or the Deed to explain how these documents would permit Wells Fargo to recover its fees. The court is willing to consider the issue of attorneys' fees, but only upon a properly supported motion filed under Fed. R. Civ. P. 54. Accordingly, Wells Fargo's motion for summary judgment on this claim is denied without prejudice. If Wells Fargo decides to pursue the recovery of its fees, it must file such a motion within 14 days of the date this order is entered.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **granted in part**, and **denied without prejudice in part.** The motion is granted as to all claims brought by Williams against Wells Fargo, and these claims are hereby **dismissed with**

13

**prejudice.** Wells Fargo's motion for summary judgment on its claim for attorneys fees is **denied without prejudice.** Judgment will be entered by separate document.

**SO ORDERED.**

Signed April14th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE